**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHOPPERS INC. and WILLIAM DAVID LANE,**

            **Plaintiffs,**

**-vs-**                                        **Case No. 6:04-cv-1804-Orl-JGG**

**RUSKIN C. PASSARO; JENNA SCIMONE; FACTORY DEFECT, INC.; and SOUTHEAST APPAREL, INC.,**

            **Defendants.**

_____

## ORDER

This cause came on for consideration without argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S OPPOSED MOTION TO SET ASIDE [112] ORDER ON MOTION TO RESCIND THE SETTLEMENT AGREEMENT AND RESTORE THE CASE TO DOCKET FOR TRIAL (Doc. No. 114)** |
| **FILED:** | November 4, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR AN ENLARGEMENT OF TIME TO FILE A SUPPLEMENTAL MEMORANDUM REGARDING MOTION TO RESCIND THE SETTLEMENT AGREEMENT AND RESTORE THE CASE TO DOCKET FOR TRIAL (Doc. No. 121)** |
| **FILED:** | December 7, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

**I.     PROCEDURAL HISTORY**

On August 18, 2005, the Court conducted a settlement conference in the case. The settlement conference was continued on September 12, 2005. After approximately 11 hours of negotiations, the parties entered the general terms of their settlement agreement on the record. The parties' statement of the settlement on the record was detailed, although the parties expected to execute a written agreement that included the terms recorded, as well as a general release.

On October 19, 2005, Plaintiffs Chopper's Inc. and William Lane filed an opposed motion to rescind the settlement agreement and restore the case to the docket for trial. On October 20, 2005, the Court ordered Defendants to respond to the motion on shortened time[1] and noticed a hearing on the motion for October 27, 2005. The Court ordered the parties to appear personally at the hearing, with the exception of defendant Jenna Scimone, who resides in California.

On October 26, 2005, Defendants moved to continue the hearing on the motion. The parties, however, did not suggest an alternate date for the hearing. On October 26, 2005, the Court granted the motion to continue and noticed the rescheduled hearing for November 3, 2005, at 9:30 a.m.

On October 27, 2005, Plaintiffs moved to reschedule the hearing to November 9, 2005. The basis for Plaintiffs' motion was that William Lane was contractually obligated to be elsewhere on November 3, 2005, and would suffer financial hardship if caused to breach his contract. Court staff immediately contacted attorneys for both parties and informed counsel that the proposed date of November 9 was unavailable with the Court. The staffer requested that the attorneys confer to see if they could agree to another date. Having received no agreed date from the parties by the morning

---

[1] Defendants' response was filed one day late due to electrical outages caused by the hurricane in southern Florida. The Court, therefore, found good cause to extend the filing deadline.

of October 31, 2005, the Court denied the motion to continue, but allowed William Lane to appear by telephone.

On October 31, 2005, Defendant Passaro moved to appear by telephone. On November 1, 2005, the Court granted Passaro's motion. The parties were ordered to coordinate a conference call so that all parties could appear by telephone.

On November 3, 2005, at 9:18 a.m. (twelve minutes before the hearing was scheduled to start), Plaintiffs filed on the Court's CM/ECF system a memorandum of law in support of their motion to rescind the settlement. The Court did not consider Plaintiffs' untimely filed memorandum of law at that time.[2] The only persons who appeared at the hearing were Defendants' attorney, Gustavo Gutierrez, and Ruskin Passaro. Prior to concluding the hearing at 10:00 a.m., neither Plaintiffs' counsel, Darren Meacham, nor any of the other named parties contacted the Court to explain their absence from the hearing.

Mr. Meacham presented himself in the courtroom at approximately 10:40 a.m. – forty minutes after the Court orally denied the motion[3] – having misread the docket and believing the hearing was scheduled for 10:45 a.m. Mr. Lane also telephoned the Court at the same time, also believing that the hearing was scheduled for 10:45 a.m.

Pursuant to Fed. R. Civ. P. 55(c) and 60(b), Plaintiffs move the Court to set aside its prior order and to provide an additional hearing on the underlying motion to rescind the settlement agreement. The Court gave Plaintiffs the opportunity to file in writing the arguments they wished to

---

[2] Local Rule 3.01(a) provides that in making any written motion, "the moving party shall file and serve *with such motion* . . . a brief or legal memorandum with citation of authorities in support of the relief requested." (Emphasis added.)

[3] The Court also prepared a written order on the motion at Docket 112.

-3-

present on the motion to rescind the settlement agreement, and Plaintiff filed lengthy documents in response. Docket Nos. 117, 120.

**II.    THE LAW**

Rule 55(c) addresses setting aside a default judgment upon a showing of good cause. As this case does not involve a default judgment, the law regarding this rule is not summarized.

Rule 60(b) grants the Court discretion to relieve a party from an order due to mistake, inadvertence, surprise or excusable neglect. By its own terms, however, Rule 60(b) is limited to relief from a "final" judgment or order. Interlocutory orders and judgments, therefore, are not within the provisions of 60(b). 7 Moore's Federal Practice ¶ 60.20 at 60-170 (2d ed. 1985); *see also Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir.1970) (an interlocutory order is not subject to being vacated under Rule 60(b)). An order refusing to rescind a settlement agreement and reinstate a case is an interlocutory order. *See Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 773 F.2d 151, (7th Cir. 1985) (order refusing to reinstate case previously dismissed on basis of oral settlement agreement, directing parties to reduce settlement to writing and to submit a consent judgment, and stating that court would enter appropriate order if parties did not do so, was interlocutory).

The Court, however, has plenary power to modify or rescind its orders any time before a final decree. 7 Moore's Federal Practice ¶ 60.20 at 60-170 (2d ed. 1985); *see also Bon Air Hotel,* 426 F.2d at 862 (because the order was interlocutory, 'the court at any time before final decree [could] modify or rescind it'") (citing *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922)).

**III.    ANALYSIS**

Rule 60(b) does not provide a legal basis for setting aside the Court's prior order as it was an interlocutory order.  Pursuant to the Court's plenary powers, however, it has considered fully Plaintiffs' arguments.  The Court is unpersuaded that it erred in its findings and will not set aside its [112] order on the motion to rescind the settlement agreement and restore the case to the docket for trial.

Plaintiffs first argue that Defendants were unjustified in refusing to release the inventory in the absence of an executed agreement.  The settlement agreement entered on the record clearly contemplated that the parties would prepare and sign a written agreement and documents verifying Passaro's ownership of certain property.   See Transcript of settlement conference at 6-7,  10.  Although the parties did not expressly state on the record that the written agreement must be executed prior to the release of the inventory, it was fairly implied.  Also, given the Plaintiffs' vacillation on issues during the settlement negotiations, the Defendants' position was completely reasonable.

The parties had scheduled an inspection of the inventory on September 20, 2005.  Plaintiffs, however, decided not to proceed with the inspection because: (1) Defendants did not agree to release the inventory on that date because Plaintiffs had not signed a written agreement; and (2) Hurricane Rita was scheduled to hit the Miami area (where the inventory was located) on that date.  After September 20, Defendants reported that Plaintiffs refused to continue with the preparation of the written agreement until Plaintiffs determined whether the inventory is available and resalable. Docket No. 95 at 3-4.

Plaintiffs do not dispute that they have refused to move forward with the preparation of the written agreement, nor do they claim that an inventory is necessary to prepare the written agreement. Plaintiffs instead focus on their numerous efforts between September 20, 2005 and mid-October 2005 to schedule an inspection.[4] Plaintiffs argue that Defendants failed to respond to these efforts, and the failure to respond constitutes a breach of the Settlement Agreement. As the Court previously found in its [112] Order denying the motion to rescind the settlement agreement, nothing in the Settlement Agreement provided for an inspection prior to turnover of the merchandise. Nor was the subject discussed during settlement negotiations. Plaintiffs could just as easily have conducted an inspection of the inventory after taking possession of it.

Even if, subsequent to the settlement conference, the parties agreed to conduct an inspection prior to the turnover of the inventory, Defendants agreed to conduct the inspection on a date given by Plaintiffs prior to Plaintiffs filing of the motion to rescind the settlement agreement. Plaintiffs do not dispute Defendants' representation that on October 18, 2005, Plaintiffs' counsel telephoned defense counsel and demanded that an inspection of the inventory occur before October 21, 2005. On October 19, 2005, Defendants stated that the inspection could occur on October 20, 2005, or the following week. Plaintiffs then refused to make the inspection, claiming insufficient notice was given. The Court reaffirms its finding made in its [112] order on the motion to rescind the settlement agreement that Defendants have acted reasonably in making the inventory available for inspection and that Plaintiffs have acted unreasonably.

---

[4] Plaintiffs move [121] for an extension of time to submit exhibits that support their argument that many e-mails were sent requesting an inspection date. The Court has credited Plaintiffs' statements and does not need the exhibits. Therefore, the motion for an extension of time to submit the exhibits is denied.

Plaintiffs claim to have lost an option to settle on favorable terms with ProGraphics and also lost an opportunity to sell merchandise during the busy sales season. These are not reasons to set aside the Court's order. At the time of the Settlement Agreement, Plaintiffs had not negotiated an option with ProGraphics, and the Settlement Agreement was not contingent on their ability to receive a discount on the debt. Also, while Plaintiffs undoubtedly took into consideration their ability to sell the merchandise, they made no such contingency a part of the Settlement Agreement. Moreover, Plaintiffs are the authors of their own misfortune. Plaintiffs refusal to proceed quickly to finalize the written agreement is no basis to rescind the Settlement Agreement.

As the Court previously ruled, there is no basis to rescind the Settlement Agreement. The Settlement Agreement, however, is contingent on the inventory being in a saleable condition. Docket No. 97 at 14. The Court's ruling does not prohibit Plaintiffs from renewing their motion to rescind the Settlement Agreement if Plaintiffs discover after taking possession of the inventory that a significant portion of the inventory is not in saleable condition or is missing.

## CONCLUSION

For the reasons stated above, and because the parties have been unable to proceed by agreement without Court intervention, it is:

**ORDERED** that Plaintiffs' [114] motion to set aside the Court's order at Docket 112 is **DENIED**. It is

**FURTHER ORDERED** that Plaintiffs' [121] motion for an enlargement of time to file the exhibits is **DENIED**. The Court has credited Plaintiffs' statements regarding the contents of the e-mails they were unable to file and does not need the exhibits. It is

**FURTHER ORDERED** that, on or before December 23, 2005, the parties shall finalize and execute the written settlement agreement and any necessary documents confirming ownership of property possessed by Passaro; it is

**FURTHER ORDERED** that, immediately upon execution of the settlement agreement, Plaintiffs shall take possession of the inventory; it is

**FURTHER ORDERED** that, on or before January 11, 2006, Plaintiffs shall make a good faith determination whether the inventory is in saleable condition or if inventory is missing. If it is determined that inventory is missing or defective, no party shall seek relief from the Court until the parties and counsel have met and conferred in person in a good faith effort to resolve all issues. It is

**FURTHER ORDERED** that each certificate hereinafter filed in this case pursuant to Local Rule 3.01 (g) shall certify that lead counsel have spoken to each other in person or by telephone, and have held a thorough, lengthy, and substantive discussion, in a good faith effort to resolve all issues without court involvement.

**FURTHER ORDERED** that the Court continues to retain jurisdiction over this matter until February 10, 2006, to enforce the settlement.

**DONE** and **ORDERED** in Orlando, Florida on December 9, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record